LUAN K. PHAN (SBN 185985)
THE PHAN LAW GROUP,
A Professional Law Corporation
6080 Center Drive, Suite 610
Los Angeles, CA 90045
Telephone: (310) 242-5600
Facsimile: (310) 943-2126
Email: lphan@lkplaw.com

SCOTT J. FERRELL (SBN 202091)
NEWPORT TRIAL GROUP
610 Newport Center Drive – Suite 700
Newport Beach, CA 92660
Telephone: (949) 706-6464
Facsimile: (949) 706-6469
Email: **sferrell@trialnewport.com**

Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| MICHAEL CAMPOS, THOMAS HESS, and SARA JORDAN, individually and on behalf of others similarly situated; <br><br> Plaintiffs, <br><br> v. <br><br> METABOLIC RESEARCH, INC., a Nevada domestic corporation; and DOE DEFENDANTS 1-10, Inclusive, <br><br> Defendants. | Case No. CV09-9445 VBF (DTBx) <br><br> Hon.: <br> Dept.: <br><br> **CLASS ACTION COMPLAINT** <br><br> **JURY TRIAL DEMANDED** <br><br><br> Complaint Filed: <br> Trial Date: None Set |

1

# I.  INTRODUCTION

This lawsuit is intended to put an end to the ongoing fraud being perpetrated on unwary Californians seeking to improve their appearance by a company that is making outrageous marketing claims to sell truly worthless products.  Defendant Metabolic Research, Inc., makes tens of millions of dollars every year by selling Stemulite, a truly worthless product that is the subject of this lawsuit.

As noted in detail below, to say that Metabolic Research, Inc., has a reputation for playing fast and loose with the truth is a dramatic understatement.  Metabolic Research, Inc. invents names for its products that are confusingly similar to genuine pharmaceutical companies or products, make wild (and completely false) claims about their effectiveness, and then waits for the money to roll in.  To summarize Mark Twain, "they will say anything to sell anything."

Plaintiffs bring this lawsuit to stop Metabolic Research, Inc. from fleecing Californians from millions of dollars and to recover the many millions of dollars that the class members are entitled to have refunded to them.

# II.  THE PARTIES

1. Plaintiff Sara Jordan ("Jordan") is a citizen of California who maintains her permanent residence in the Central District of California.  Plaintiff Sara Jordan has purchased Stemulite in Torrance, California.

2. Plaintiff Thomas Hess ("Hess") is a citizen of California who maintains his permanent residence in the Central District of California.  Plaintiff Thomas Hess has purchased Stemulite in Riverside County, California.

3. Plaintiff Michael Campos ("Campos) is a citizen of California who maintains his permanent residence in the Southern District of California.  Plaintiff Michael Campos has purchased Stemulite in Pacific Beach,  California.

4. Plaintiffs are informed and believe that Defendant Metabolic Research, Inc. ("MRI") is a Nevada corporation with its principal place of business in the state of Nevada.  MRI does business in California.

5.      Plaintiffs are informed and believe that all of the defendants sued herein act and operate as agents and/or alter egos of one another, fail to observe basic corporate formalities, and are engaged in a common scheme to defraud Californians. Specifically, all of the defendants have contacts with California in that they engage in the manufacture and sale of the products described herein and each act and operate as the agents and/or alter egos of one another in connection with sales efforts and schemes in California.

6.      Plaintiffs do not know the true names or capacities of the persons or entities sued herein as DOES 1 to 50, inclusive, and therefore sue such Defendants by such fictitious names.  Plaintiffs are informed and believe and thereon allege that each of the DOE Defendants is in some manner legally responsible for the damages suffered by Plaintiffs and the members of the Stemulite Class (as defined below). Plaintiffs will amend this complaint to set forth the true names and capacities of these Defendants when they have been ascertained, along with appropriate charging allegations, as may be necessary.

### III.  JURISDICTION AND VENUE

7.      This Court has jurisdiction over all causes of action asserted herein under the Class Action Fairness Act ("CAFA"), and for purposes of the claims of Plaintiffs. First, there is complete CAFA diversity of citizenship, and complete diversity of citizenship for all purposes.  Specifically, each named Plaintiff herein and all of the members of each of the Stemulite Class described herein are by definition citizens of California.  And as set forth above, each Defendant is a citizen of a state or states other than California.  Second, the amount in controversy for each class, and for Plaintiffs, exceeds $10 million.  Additionally, Plaintiffs are informed and believe that the value of injunctive relief sought herein would exceed $10 million.

8.      Venue is proper in this Court because Plaintiff Jordan and Plaintiff Hess purchased the Stemulite product in this District, because Plaintiff Jordan and Plaintiff Hess live in this District, and because Defendants have received substantial

compensation from sales in this District.  Specifically, each Defendant knowingly engages in activities directed at consumers in California, and each Defendant obtains substantial benefits from the Defendants' common scheme perpetrated in this District in California.

9.     Plaintiffs have attached herewith, as Exhibits A, B and C, the declarations of venue required by Civil Code Section 1780(d) of Plaintiffs Jordan, Hess and Campos, respectively.

10.    Defendants and other out-of-state participants can be brought before this Court pursuant to California's "long-arm" jurisdictional statute.

## IV. FACTS

11.    The weight-loss industry is a multi-billion-dollar industry in the United States.  Hundreds of new products appear on the market every year, many of them claiming to be a quick and easy solution to the weight loss problem.  In an effort to promote real weight loss and to prevent Americans from being defrauded by "miracle pills," the U.S. Food and Drug Administration ("FDA") instructs that "[a]ny claims that you can lose weight effortlessly are false.  The only proven way to lose weight is either to reduce the number of calories you eat or to increase the number of calories you burn off through exercise.  Most experts recommend a combination of both."  A true and correct copy of a brochure published by the FDA, The Facts About Weight Loss Products and Programs, FDA/FTC/NAAG Brochure: 1992, is attached hereto as Exhibit D.

### A.     Manufacturing Defendant - Metabolic Research, Inc.

12.    Defendant MRI, the manufacturer of Stemulite, plays a particularly egregious role in the weight-loss industry by enveloping itself in pseudo scientific garb and claiming to produce supplements that provide miraculous results.  Specifically, Defendant MRI invents names for its products that sound like pharmaceutical companies or products, and then make wild claims for their effectiveness in causing weight loss and fat loss, deep REM sleep, increased muscle

4

gain and endurance, increased wellness or energy or otherwise curing whatever ails one.  Defendant MRI then markets these products at excessive prices in order to prey upon the acute anxieties of a weight conscious public.

        **C.**    **The Stemulite Product**

      13.    Stemulite is a dietary supplement manufactured by Defendant MRI and marketed by Defendants as a weight loss product.  Defendants make the following specific claims for the Stemulite Product:

        a.    "People who take Stemulite Experience:
- Deep REM Sleep
- Increased Muscle Gain and Endurance
- Increased Weight Loss and Fat Loss
- Increased Wellness and Energy." A true and correct copy of Defendants' advertising claims on these points is attached hereto as Exhibit E.

        b.    "Achieve Peak Athletic Performance Naturally with Stemulite all-natural Fitness Formula." A true and correct copy of Defendants' advertising claims on these points is attached hereto as Exhibit F.

        c.    Benefits include: "Complete fitness," "Anti-Aging," "Increased Energy," "Strength & Endurance," "Deeper Sleep," "Weight Loss", and "Well Being." A true and correct copy of Defendants' advertising claims on these points is attached hereto as Exhibit G.

        d.    "Use Stemulite's all-natural formula to:
- Build strength
- Increase muscle
- Improve endurance
- Minimize recovery time
- Decrease body fat
- Improve recovery time."   A true and correct copy of Defendants'

5

online claims on these points is attached hereto as Exhibit H.

     e.   "Stemulite

        • Increase Strength

        • Increase Muscle

        • Increase Energy

        • Increase REM Sleep

        • Increase Endurance

        • Increase Endurance

        • Increase Well Being

        • Decrease Recovery Time."  A true and correct copy of Defendants' advertising claims on these points is attached hereto as Exhibit I.

14.   Plaintiffs are informed and believed that Defendants' claims for Stemulite are false and misleading for the following reasons:

     a.   Like any other diet supplement, Stemulite cannot reduce caloric intake; individuals may reduce the number of calories ingested by choosing to eat less or to eat healthier foods.  No supplement can ever control caloric intake without concomitant individual efforts to eat less or eat healthier foods.

     b.   Even if Stemulite could suppress appetite and reduce the number of calories consumed, that decrease would have to be coupled with an increase in physical activity in order to lose weight.

     c.   Even if the stimulants in Stemulite increased energy levels (and presumably physical activity), such an increase would be vastly insufficient to produce the drop in weight, fat, and body fat Defendants claim.

     d.   Any permanent weight loss program includes a long term change in eating and exercise habits, the very practices Stemulite suggests

can be avoided.

15.     Plaintiffs thus are informed and believe, in summary, that Defendants' claims regarding Stemulite are false because (A) permanent weight loss cannot occur automatically without a change in caloric intake or increased physical activity; (B) a short term decrease in appetite and increase in energy from ingesting stimulants contained in Stemulite does not correspond with the permanent weight loss Defendants promise; and (C) the testing results advertised by Defendants are spurious and of no practical significance.

16.     On information and belief Defendants knew that Stemulite did not have the properties Defendants claimed, and that it was defective as set forth above, but nevertheless, they manufactured and marketed the product as set forth above.

17.     Defendants sell Stemulite at prices often exceeding $59.00 per package based on the preceding false claims.  *See* Exhibit J attached hereto.  As a result, Defendants have wrongfully made tens of millions of dollars in profits from California consumers.

**D.     Plaintiffs Purchase Of Defendants Products In Reliance On Defendants' Claims**

18.     Prior to the filing of this action, on numerous occasions since 2009, and continuing through September 2009, Plaintiff Jordan purchased Stemulite in Torrance, California for her own personal use.  In so doing, Plaintiff Jordan believed and relied specifically on the representations contained in the marketing materials for the product, which were present at and displayed where she purchased the product.  Those representations explicitly state that Stemulite will cause increased strength, muscle, energy, REM sleep, endurance, well being, recovery time, and weight loss.  Plaintiff Jordan has consumed Stemulite, but the product has not worked as advertised.  Specifically, Plaintiff Jordan has found that she has not lost any weight as a consequence of using the product, and in fact has not lost any weight without changing diet or exercise.  Also, she has not experienced deep REM sleep, increased

muscle gain and endurance, or increased wellness and energy.  Plaintiff Jordan has thus suffered injury and damage because she purchased a product based on false advertising and because the product has not worked as advertised.

19.     Prior to the filing of this action, on numerous occasions since 2009, and continuing through September 2009, Plaintiff Hess purchased Stemulite from in Riverside County, CA for his own personal use.  In so doing, Plaintiff Hess believed and relied specifically on the representations contained in the marketing materials for the product, which were present at and displayed where he purchased the product. Those representations explicitly state that Stemulite will cause increased strength, muscle, energy, REM sleep, endurance, well being, recovery time, and weight loss. Plaintiff Hess has consumed Stemulite, but the product has not worked as advertised. Specifically, Plaintiff Hess has found that he has not lost any weight as a consequence of using the product, and in fact has not lost any weight without changing diet or exercise.  Also, he has not experienced deep REM sleep, increased muscle gain and endurance, or increased wellness and energy.  Plaintiff Hess has thus suffered injury and damage because he purchased a product based on false advertising and because the product has not worked as advertised.

20.     Prior to the filing of this action, on numerous occasions since 2009, and continuing through September 2009, Plaintiff Campos purchased Stemulite from in Pacific Beach, California for his own personal use.  In so doing, Plaintiff Campos believed and relied specifically on the representations contained in the marketing materials for the product, which were present at and displayed where he purchased the product.  Those representations explicitly state that Stemulite will cause increased strength, muscle, energy, REM sleep, endurance, well being, recovery time, and weight loss.  Plaintiff Campos has consumed Stemulite, but the product has not worked as advertised.  Specifically, Plaintiff Campos has found that he has not lost any weight as a consequence of using the product, and in fact has not lost any weight without changing diet or exercise.  Also, he has not experienced deep REM sleep,

increased muscle gain and endurance, or increased wellness and energy.  Plaintiff Campos has thus suffered injury and damage because he purchased a product based on false advertising and because the product has not worked as advertised.

## V.  STEMULITE CLASS ACTION ALLEGATIONS

21.     Plaintiffs bring this action against Defendants on behalf of all citizens of California only who purchased Stemulite in California within the last 3 years (the "Stemulite Class").  This class action is brought pursuant to Rule 23(b)(1), (b)(2) and(b)(3) of the Federal Rules of Civil Procedure.

22.     Excluded from the Stemulite Class are governmental entities, Defendants, any entity in which Defendants have a controlling interest, and Defendants' officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns.  Also excluded from the Stemulite Class are any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

23.     The proposed Stemulite Class is so numerous that individual joinder of all its members is impracticable.  Due to the nature of the trade and commerce involved, Plaintiffs believe that the total number of Stemulite Class members is at least in the tens of thousands and that members of the Stemulite Class are geographically dispersed across California.  While the exact number and identities of the Stemulite Class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery.  The disposition of the claims of the Stemulite Class members in a single class action will provide substantial benefits to all parties and to the Court.

24.     There is a well-defined community of interest in the questions of law and fact involved affecting the Stemulite Class and these common questions predominate over any questions that may affect individual Stemulite Class members.  Common questions of fact and law include, but are not limited to, the following:

        a.     Whether Defendants claim or have claimed that "People who take

Stemulite Experience:

• Deep REM Sleep

• Increased Muscle Gain and Endurance

• Increased Weight Loss and Fat Loss

• Increased Wellness and Energy."

b.   Whether Defendants' claims are accurate;

c.   Whether Defendants falsely represented that Stemulite have characteristics, ingredients, uses, benefits, or quantities which they do not have;

d.   Whether Defendants falsely represented that Stemulite are of a particular standard, quality or grade;

e.   Whether Defendants fraudulently induced customers to purchase Stemulite;

f.   Whether Defendants labeled Stemulite in a way that is misleading in a material respect;

g.   Whether Defendants continued to sell Stemulite after knowing the preceding facts.

25.   These common questions of law and fact predominate over questions that may affect individual class members in that the claims of all class members for each of the claims herein can be established with common proof.  Additionally, a class action would be "superior to other available methods for the fair and efficient adjudication of the controversy," as set forth in Rule 23(b)(3) of the Federal Rules of Civil Procedure in that (1) Class members have little interest in individually controlling the prosecution of separate actions because the individual damages claims of each Class member are not substantial enough to warrant individual filings; (2) Plaintiffs are not aware of any other lawsuits against Defendants commenced by or on behalf of members of the Class; and (3) because the disputed advertisements are common to all Class members and because resolution of the claims of Plaintiffs will

10

COMPLAINT

resolve the claims of the remaining Class, certification does not pose any manageability problems.

26.    The claims of Plaintiffs are typical of the claims of the members of the Stemulite Class.  Plaintiffs and all members of the Stemulite Class have been similarly affected by Defendants' common course of conduct since they all relied on Defendants' representations concerning Stemulite and purchased the products based on those representations.

27.    Plaintiffs will fairly and adequately represent and protect the interests of the Stemulite Class.  Plaintiffs have retained counsel with substantial experience in handling complex class action litigation.  Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the Stemulite Class and have the financial resources to do so.

28.    Plaintiffs and the members of the Stemulite Class suffered, and will continue to suffer, harm as a result of Defendants' unlawful and wrongful conduct.  A class action is superior to other available methods for the fair and efficient adjudication of the present controversy.  Individual joinder of all members of the class is impracticable.  Even if individual class members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed.  Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by Defendants' common course of conduct.  The class action device allows a single court to provide the benefits of unitary adjudication, judicial economy, and the fair and efficient handling of all class members' claims in a single forum.  The conduct of this action as a class action conserves the resources of the parties and of the judicial system and protects the rights of the class members.  Furthermore, for many, if not most, a class action is the only feasible mechanism that allows an opportunity for legal redress and justice.

29.    Adjudication of individual class members' claims with respect to the

11

Defendants would, as a practical matter, be dispositive of the interests of other members not parties to the adjudication, and could substantially impair or impede the ability of other class members to protect their interests.

## VI. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### VIOLATION OF CALIFORNIA CONSUMERS LEGAL REMEDIES ACT

**(By Plaintiffs and On Behalf of the Stemulite Class)**

30.     Plaintiffs incorporate by this reference the preceding allegations as if fully set forth herein and, to the extent necessary, plead this cause of action in the alternative.

31.     As alleged hereinabove, Plaintiffs have standing to pursue this claim as Plaintiffs have suffered injury in fact and have lost money or property as a result of Defendants' actions as set forth herein.  Specifically:

a.     Prior to the filing of this action, Plaintiffs purchased Stemulite products for their own personal use. In so doing, Plaintiffs believed and relied specifically on the representations contained in the marketing materials for the products, which they had viewed on television, on the Internet, and in the premises where they purchased the product, and which explicitly state that Stemulite will cause increased strength, muscle, energy, REM sleep, endurance, well being, recovery time, and weight loss.   Plaintiffs have used Stemulite, but the products have not worked as advertised.  Specifically, they have not experienced weight loss without the need for change in diet and exercise routines, Stemulite did not automatically reduce their caloric intake and cause weight loss, and Stemulite did not make them appear thinner.  Also, Plaintiffs did not experience deep REM sleep, increased muscle gain and endurance, or increased wellness and energy.  Plaintiffs

12

thus have suffered significant injury and damage because they purchased a product based on false advertising and because the product has not worked as advertised.

32.    Prior to filing this Complaint, Plaintiffs' counsel mailed to Defendant and its counsel, by certified mail, return receipt requested, the written notice required by Civil Code Section 1783(a), regarding Stemulite.  A true and correct copy of the notice is attached to this Complaint as Exhibit K.

33.    This cause of action is brought on behalf of all people of the State of California in accordance with the provisions of the California Legal Remedies Act (California Civil Code section 1770).  Plaintiffs and members of the Stemulite Class have lost money or property as a result of Defendants' actions as set forth herein.

34.    Defendants' wrongful business practices constituted, and constitute, a continuing course of conduct of violation of the California Legal Remedies Act since Defendants are still representing that their products have characteristics and abilities which are false and misleading.

35.    Pursuant to section 1770 of the California Civil Code, Plaintiffs and the Stemulite Class seek an order of this court enjoining Defendants from continuing to engage in unlawful, unfair, or deceptive business practices and any other act prohibited by law, including those set forth in the complaint.  Plaintiffs and the Stemulite Class seek an order requiring Defendants to make full restitution of all moneys it wrongfully obtained from Plaintiffs and the Stemulite Class.  Plaintiffs and the Class also seek Punitive damages since Defendants were put on notice of its violation of the California Legal Remedies Act and took no remedial actions.

## SECOND CAUSE OF ACTION

## UNJUST ENRICHMENT

### (By Plaintiffs and On Behalf of the Stemulite Class)

36.    Plaintiffs incorporate by this reference the preceding allegations as if fully set forth herein and, to the extent necessary, plead this cause of action in the

1    alternative.

2        37.    Through the conduct described herein, Defendants have received money

3    belonging to Plaintiffs and the Stemulite Class through the sale of Stemulite.

4        38.    Defendants have reaped substantial profit by misrepresenting and/or

5    concealing the facts regarding their products.  Defendants have marketed Stemulite as

6    having certain properties when they in fact did not and do not have such properties.

7    Ultimately, this has resulted in Defendants' wrongful receipt of profits and injury to

8    Plaintiffs and the Stemulite Class.  Defendants have benefited from the receipt of such

9    money that they would not have received but for their misrepresentation and/or

10   concealment.

11       39.    As a direct and proximate result of Defendants' misconduct as set forth

12   herein, Defendants have been unjustly enriched.

13       40.    Under principles of equity and good conscience, Defendants should not

14   be permitted to keep the money belonging to Plaintiffs and the Stemulite Class that

15   Defendants have unjustly received as a result of their actions.

16                      **THIRD CAUSE OF ACTION**

17                              **FRAUD**

18           **(By Plaintiffs and On Behalf of the Stemulite Class)**

19       41.    Plaintiffs incorporate by this reference the preceding allegations as if

20   fully set forth herein and, to the extent necessary, pleads this cause of action in the

21   alternative.

22       42.    As alleged herein, Defendants have made representations to Plaintiffs

23   concerning Stemulite as follows:

24           a.    Defendants represented to Plaintiffs and to the members of the

25               Stemulite Class, through the representations contained in the

26               marketing materials for Stemulite, which they had viewed on

27               television, on the Internet, and in the premises of where they

28               purchased the product, that a consumer need not change his or her

                                        14

diet and exercise routine in order to lose weight with the product, that Stemulite automatically reduces caloric intake and causes weight loss accordingly, and that Stemulite will cause increased strength, muscle, energy, REM sleep, endurance, well being, recovery time, and weight loss.

43.     In making these specific representations to Plaintiffs, Defendants acted fraudulently and deceitfully with knowledge that Plaintiffs and the Stemulite Class would rely on their actions and omissions.  Defendants made the aforesaid material representations and/or concealed material facts to induce Plaintiffs and the Stemulite Class to act in reliance on the misrepresentations and statements.

44.     As detailed herein, Plaintiffs expressly relied on the representations of Defendants concerning the properties of the Stemulite, and had no reason to doubt or to dispute those representations.  Plaintiffs and the Stemulite Class at all times are presumed to have reasonably and justifiably relied both directly and indirectly on the actions and representations of Defendants.

45.     As a direct and proximate result of Defendants' fraud, Plaintiffs and the Stemulite Class have suffered actual damages in an amount not presently known, but which will be shown by proof at time of trial, including incidental and consequential damages, interest, and reasonable attorneys' fees.

46.     Plaintiffs are informed and believe and thereon allege that Defendants undertook the aforesaid illegal acts intentionally or with conscious disregard of the rights of Plaintiffs and the Stemulite Class, and did so with fraud, oppression, and malice.  Therefore, Plaintiffs and the Stemulite Class are also entitled to punitive damages against Defendants in an amount that will be shown by proof at trial.

///

///

///

///

15

# FOURTH CAUSE OF ACTION

## VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTIONS 17200 ET SEQ.

### (By Plaintiffs and On Behalf of the Stemulite Class)

47.   Plaintiffs incorporate by this reference the preceding allegations as if fully set forth herein and, to the extent necessary, plead this cause of action in the alternative.

48.   As alleged hereinabove, Plaintiffs have standing to pursue this claim as Plaintiffs have suffered injury in fact and have lost money or property as a result of Defendants' actions as set forth herein.  Specifically:

        a.   Prior to the filing of this action, Plaintiffs purchased Stemulite products for their own personal use. In so doing, Plaintiffs believed and relied specifically on the representations contained in the marketing materials for the products, which they had viewed on television, on the Internet, and in the premises of where they purchased the product, and which explicitly state that Stemulite will cause increased strength, muscle, energy, REM sleep, endurance, well being, recovery time, and weight loss.   Plaintiffs have used Stemulite, but the products have not worked as advertised.  Specifically, they have not experienced weight loss without the need for change in diet and exercise routines, Stemulite did not automatically reduce their caloric intake and cause weight loss, and Stemulite did not make them appear thinner.  Also, Plaintiffs did not experience deep REM sleep, increased muscle gain and endurance, or increased wellness and energy.  Plaintiffs thus have suffered significant injury and damage because they purchased a product based on false advertising and because the product has not worked as advertised.

**COMPLAINT**

49.     Defendants' actions as alleged in this complaint constitute an unfair or deceptive business practice within the meaning of California Business and Professions Code section 17200 in that Defendants' actions are unfair, unlawful, and fraudulent, and because Defendants have made unfair, deceptive, untrue or misleading statements in advertising media, including the Internet, within the meaning of California Business and Professions Code sections 17500, et seq.

50.     Defendants' business practices, as alleged herein, are unfair because they offend established public policy and/or are immoral, unethical, oppressive, unscrupulous and/or substantially injurious to consumers in that consumers are potentially mislead by the claims made with respect to the Stemulite products.

51.     Defendants' business practices as alleged herein are unlawful because the conduct constitutes false marketing and advertising and other causes of action alleged herein.

52.     Defendants' business practices as alleged herein are fraudulent because they are likely to deceive customers into believing that the Stemulite products have properties that they do not have.

53.     Defendants' wrongful business practices constituted, and constitute, a continuing course of conduct of unfair competition since Defendants are marketing and selling their products in a manner likely to deceive the public.

54.     Defendants' wrongful business practices have caused injury to Plaintiffs and the Stemulite Class.

55.     Pursuant to section 17203 of the California Business and Professions Code, Plaintiffs and the Stemulite Class seek an order of this court enjoining Defendants from continuing to engage in unlawful, unfair, or deceptive business practices and any other act prohibited by law, including those set forth in the complaint.  Plaintiffs and the Stemulite Class also seek an order requiring Defendants to make full restitution of all moneys it wrongfully obtained from Plaintiffs and the Stemulite Class.

1

2

3

## FIFTH CAUSE OF ACTION
## BREACH OF WARRANTY
### (By Plaintiffs and On Behalf of the Stemulite Class)

4       56.    Plaintiffs incorporate by this reference the preceding allegations as if

5   fully set forth herein and, to the extent necessary, plead this cause of action in the

6   alternative.

7       57.    As alleged hereinabove, Plaintiffs have standing to pursue this claim as

8   Plaintiffs have suffered injury in fact and have lost money or property as a result of

9   Defendants' actions as set forth herein. Specifically:

10       a.    Prior to the filing of this action, Plaintiffs purchased Stemulite

11       products for their own personal use. In so doing, Plaintiffs believed

12       and relied specifically on the representations contained in the

13       marketing materials for the products, which they had viewed on

14       television, on the Internet, and in the premises of where they

15       purchased the product, and which explicitly state that Stemulite

16       will cause increased strength, muscle, energy, REM sleep,

17       endurance, well being, recovery time, and weight loss.   Plaintiffs

18       have used Stemulite, but the products have not worked as

19       advertised.  Specifically, they have not experienced weight loss

20       without the need for change in diet and exercise routines, Stemulite

21       did not automatically reduce their caloric intake and cause weight

22       loss, and Stemulite did not make them appear thinner.  Also,

23       Plaintiffs did not experience deep REM sleep, increased muscle

24       gain and endurance, or increased wellness and energy.  Plaintiffs

25       thus have suffered significant injury and damage because they

26       purchased a product based on false advertising and because the

27       product has not worked as advertised.

28       58.    Defendants have made express affirmations of fact as set forth above.

These affirmations are false.

59.   Plaintiffs relied on Defendants' false affirmation, as set forth herein.

60.   Defendants' false express affirmations have caused injury to Plaintiffs and the Stemulite Class.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs and members of the Stemulite Class request that the Court enter an order or judgment against Defendants as follows:

1.   Certification of the proposed Stemulite Class and notice thereto to be paid by Defendants;

2.   Adjudge and decree that Defendants have engaged in the conduct alleged herein;

3.   For restitution and disgorgement on certain causes of action;

4.   For an injunction ordering Defendants to cease and desist from engaging in the unfair, unlawful, and/or fraudulent practices alleged in the Complaint;

5.   For compensatory and general damages according to proof on certain causes of action;

6.   For both pre and post-judgment interest at the maximum allowable rate on any amounts awarded;

7.   Costs of the proceedings herein;

8.   Reasonable attorneys' fees as allowed by statute; and

9.   Any and all such other and further relief that this Court may deem just and proper, including but not limited to punitive damages.

DATED: December 23, 2009          THE PHAN LAW GROUP
                                  A Professional Law Corporation


                        By: _Luan K. Phan /KI_
                             Luan K. Phan
                        Attorneys for Plaintiffs and the Stemulite
                        Class

COMPLAINT

# DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil procedure Section 38(b), Plaintiffs and the Stemulite Class demand a trial by jury on all issues so triable.

DATED: December 23, 2009          THE PHAN LAW GROUP
                                  A Professional Law Corporation

                                  By: _____
                                       Luan K. Phan
                                  Attorneys for Plaintiffs and the Stemulite
                                  Class

20

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Michael Campos, Thomas Hess, and Sara Jordan, individually and on behalf of others similarly situated | METABOLIC RESEARCH, INC., a Nevada domestic corporation; and DOE DEFENDANTS 1-50, Inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Luan K. Phan (SBN 185985)<br>The Phan Law Group, A Professional Law Corp.; ; PH: (310) 242-5600<br>6080 Center Drive, Suite 610, Los Angeles, CA 90045 (see Attachment) | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:    JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes   ☐ No    ☒ **MONEY DEMANDED IN COMPLAINT: $** In Excess of $100,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violation of CA Consumers Legal Remedy Act; Violation of CA Business and Professions Code; Unjust Enrichment; Fraud; Breach of Warranty

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | BANKRUPTCY | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | FORFEITURE/ PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | | ☐ 840 Trademark |
| ☒ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

FOR OFFICE USE ONLY:    Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Thomas Hess - Riverside County<br>Sara Jordan - Los Angeles County | Michael Campos - San Diego County, Southern District of California |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Metabolic Research, Inc. - Nevada, USA |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County (All Claims) | San Diego County (All Claims) |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Luan N. Phan /KJ_   Date _12/21/09_

**Notice to Counsel/Parties:**   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

Attachment to Section I(b) – Plaintiffs' Attorneys:

Scott J. Ferrell (SBN 202091)
NEWPORT TRIAL GROUP
610 Newport Center Drive – Suite 700
Newport Beach, CA 92660
Telephone: (949) 706-6464
Facsimile: (949) 706-6469
Email: **sferrell@trialnewport.com**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Valerie Baker Fairbank and the assigned discovery Magistrate Judge is David T. Bristow.

The case number on all documents filed with the Court should read as follows:

## CV09- 9445 VBF (DTBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

LUAN K. PHAN (SBN 185985)
THE PHAN LAW GROUP, APC 〔c〕**COPY**
6080 Center Dr., Suite 610 Los Angeles, CA 90045;
SCOTT J. FERRELL (SBN 202091)
NEWPORT TRIAL GROUP; 610 Newport Center
Dr, Ste. 700; Newport Bch., CA 92660

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CAMPOS, THOMAS HESS, and SARA JORDAN, individually and on behalf of others similarly situated;<br><br>PLAINTIFF(S)<br><br>v.<br><br>METABOLIC RESEARCH, INC., a Nevada domestic corporation; and DOE DEFENDANTS 1-10, Inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV09-9445 VBF (DTBx)<br><br>*FAXED*<br><br>SUMMONS |

TO:   DEFENDANT(S): <u>METABOLIC RESEARCH, INC., a Nevada domestic corporation;</u>
<u>and DOE DEFENDANTS 1-10, Inclusive.</u>

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you
must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint
☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer
or motion must be served on the plaintiff's attorney, <u>Luan K. Phan</u> _____, whose address is
<u>The Phan Law Group, APC; 6080 Center Dr., Suite 610 Los Angeles, CA 90045</u> . If you fail to do so,
judgment by default will be entered against you for the relief demanded in the complaint.  You also must file
your answer or motion with the court.

Clerk, U.S. District Court

Dated: _____ 2 3 DEC 2009 _____     By: _____
                                                SHEA BOURGEOIS

                                                Deputy Clerk
                                                **SEAL**
                                                (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)            **SUMMONS**